IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

FILED
2013 JUL 25 A 9: 42
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| YSABEL UCHUPE GONZALES, )<br><br>Plaintiff, )<br><br>v. )<br>)  Civ. No: 1:13CV902-TSE/TCB<br>D&P PROFESSIONAL SERVICES, INC., )<br>Serve: Anthony Doukas, R/A )<br>       11107 Snowden Pond Road )<br>       Laurel, MD 20708 )<br><br>Defendant. ) | |

## COMPLAINT

### Jurisdiction and Venue

1. Plaintiff Ysabel Uchupe Gonzales sues her employer for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2. Jurisdiction over plaintiff's claim lies in this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This court may exercise personal jurisdiction over the defendant as the defendant hired the plaintiff specifically to perform work in Fairfax County, Virginia.

3. Venue is proper in this court because all of plaintiff's work was performed in Fairfax County, Virginia.

1

## Parties

4. Plaintiff Ysabel Uchupe Gonzales is an adult resident of Fairfax County, Virginia. She worked as a car washer and detailer for the defendant.

5. Defendant D&P Professional Services, Inc. is a Maryland corporation with its principal place of business in Maryland.

## FACTS

6. At all times relevant to this complaint, defendant D&P Professional Services had a contract with Koons Chevrolet in Fairfax County, Virginia, to wash and detail cars that Koons Chevrolet intended to sell.

7. Pursuant to this contract, defendant hired plaintiff Ysabel Uchupe Gonzales to wash and detail cars at Koons Chevrolet in Fairfax County, Virginia. Ms. Uchupe Gonzales started working for the defendant part-time in July 2010, and was elevated to full-time status on September 13, 2010. Her last day of work for the defendant was February 26, 2013.

8. All of Ms. Uchupe Gonzales's work for the defendant was performed in Fairfax County, Virginia. Defendant's agent would pay Ms. Uchupe Gonzales her weekly paycheck, in hand, at her worksite in Fairfax County. On no occasion did Ms. Uchupe Gonzales ever visit the company's office in Maryland or any of the company's worksites outside of Virginia.

9. The cars that Ms. Uchupe Gonzales washed and detailed as part of her work for defendant had traveled in interstate commerce, and she was washing them and detailing them in order that they be sold in interstate commerce. As part of her duties, Ms. Uchupe Gonzales used cleaning supplies that had traveled in interstate commerce. In addition, on information and belief, Ms. Uchupe Gonzales's weekly paychecks were printed in Maryland and then brought

across state lines by the defendant's agent to be given to Ms. Uchupe Gonzales at her worksite in Virginia.

10. On information and belief, the gross annual business volume of defendant exceeded $500,000 at all times relevant to this action.

11. At all relevant times, defendants paid plaintiff a straight-time wage of $8 per hour, no matter how many hours per week she worked. Plaintiff regularly worked overtime (defined as more than 40 hours in a week), but was never paid an overtime premium.

12. From September 2010 through her last date of work in February 2013, plaintiff worked approximately 3,000 hours of overtime.

13. Accordingly, defendant shortchanged plaintiff by approximately $12,000 in required overtime premiums (3,000 hours x $4.00/hour overtime premium).

## CAUSE OF ACTION:
### Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

14. At all times relevant to this action:

    a. Plaintiff was an employee of defendant within the meaning of 29 U.S.C. § 203(e)(1);

    b. Defendant was the employer of plaintiff within the meaning of 29 U.S.C. § 203(d);

    c. Defendant employed plaintiff within the meaning of 29 U.S.C. § 203(g); and

    d. Plaintiff was engaged in commerce or was employed by defendant in an enterprise engaged in commerce.

15. By failing to pay Ms. Uchupe Gonzales her lawful time-and-a-half overtime premium, defendant violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, to plaintiff's injury, and is liable to her in damages. These violations were willful violations within the meaning of the FLSA, 29 U.S.C. § 255(a), in that defendant made no effort whatsoever to pay plaintiff any overtime premium notwithstanding the fact that she was plainly and obviously working overtime.

### Requested Relief

Wherefore, plaintiff Ysabel Uchupe Gonzales respectfully requests that this court provide the following relief:

1. A declaration that the defendant's actions willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, such that a three-year statute of limitations is appropriate;

2. An award of plaintiff's actual damages under the FLSA in the amount of all unpaid overtime, in an amount appropriate to the proof at trial but currently estimated to be about $12,000;

3. An additional equal amount as liquidated damages, pursuant to 29 U.S.C.§ 216(b);

4. An award of plaintiff's costs and reasonable attorney's fees, as appropriate under the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

5. Such other and further relief as this court deems necessary and proper.

Plaintiff demands trial by jury.

Respectfully submitted,

LEGAL AID JUSTICE CENTER

By: _____  Date: July 25, 2013
Simon Y. Sandoval-Moshenberg (VSB No.: 77110)
6400 Arlington Blvd., Suite 600
Falls Church, Virginia 22042
Ph: (703) 778-3450 x 405
Fax: (703) 778-3454
simon@justice4all.org
*Counsel for the plaintiff*